UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKEY ORLANDO W., ) | |
| ) | |
| Plaintiff, ) | No. 22-cv-7102 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Keri L. Holleb Hotaling |
| MARTIN J. O'MALLEY, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rickey Orlando W.[1] appeals the decision of the Defendant Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying him disability benefits. For the reasons set forth below, Plaintiff's motion for summary judgment (Dkt. 13)[2] is DENIED, and the Commissioner's motion for summary judgment (Dkt. 16) is GRANTED. The Commissioner's decision is affirmed.

**I.      BACKGROUND**

   **A.      Procedural History**

In April and May 2020, Plaintiff filed applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") alleging disability beginning on June 1, 2016. (R. 232-46.) Plaintiff's applications were denied initially and upon reconsideration. (R. 98-113.) Following an Administrative Hearing, an Administrative Law Judge ("ALJ") issued an April 27, 2022 decision finding Plaintiff not disabled. (R. 11-18.) The Appeals Council denied Plaintiff's request for review (R. 1-4), rendering the ALJ's decision the Commissioner's final decision,

---

[1]   In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).
[2]   Plaintiff has filed memorandum in support of summary remand (Dkt. 13), which the Court construes as a motion for summary judgment.

reviewable by the district court. 42 U.S.C. § 405(g); *see* 20 C.F.R. § 404.981; *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2004). Plaintiff filed this lawsuit seeking review. (Dkt. 1.)

### B. The ALJ's Decision

The ALJ analyzed Plaintiff's claims following the SSA's usual five-step sequential evaluation process. (R. 11-18); *see also* 20 C.F.R. §§ 404.1520(a) (DIB), 416.920(a) (SSI). The ALJ found at step one that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2018 and, despite having earned income in subsequent years, had not engaged in substantial gainful activity since his alleged June 1, 2016 disability onset date. (R. 13.) The ALJ listed and discussed Plaintiff's severe and non-severe impairments at step two and at step three concluded Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the SSA's listed impairments under 20 C.F.R. 404, Subpart P, Appendix 1. (R. 14.) Before step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform light work, except he could only frequently reach overhead, only occasionally grasp and finger bilaterally, and lift no more than ten pounds. (R. 14.)

At step four, the ALJ concluded Plaintiff would be able to perform his past relevant work as an adult education teacher. (R. 16.) Although the ALJ could have stopped there, *see* 20 C.F.R. §§ 404.1520(a)(iv), 416.920(a)(iv) ("If you can still do your past relevant work, we will find that you are not disabled."), the ALJ chose alternatively to reach step five of the analysis and found that jobs existed in significant numbers in the national economy Plaintiff could perform, considering Plaintiff's education, age, work experience, and RFC, and testimony of a Vocational Expert ("VE"): (1) Storage-Facility Rental Clerk – 61,000 jobs nationally; (2) Furniture-Rental Consultant – 56,200 jobs nationally; and (3) Usher – 5,100 jobs nationally. (R. 17-18.) Thus, the ALJ concluded Plaintiff was not disabled. (R. 18.)

2

      **C.**      **Standard of Review**

On review, the Court does not "merely rubber stamp the ALJ's decision." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022). However, "[t]he findings of the Commissioner [] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *Prill*, 23 F.4th at 746. Substantial evidence is "more than a mere scintilla," and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ----, 139 S. Ct. 1148, 1154 (2019). "If there is substantial evidence in support of the determination, the Court must affirm even if "reasonable minds could differ." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2018) (citation and quotation marks omitted).

**II.**      **ANALYSIS**

Plaintiff challenges only parts of the ALJ's determinations at steps four and five of the analysis as unsupported by substantial evidence. The Court declines to reach Plaintiff's challenge to the step four determination that Plaintiff could perform past relevant work because, even if the ALJ erred in making that finding, the error is harmless given the ALJ's determination at step five.

At step five of the disability analysis, the agency bears the burden of demonstrating there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations. 20 C.F.R. §§ 416.1560(c)(2); 416.960(c)(2). "ALJs typically rely on [VEs] to list jobs in the national economy that claimants can perform[,]" *DuCharme v. Kijakazi*, No. 21-2204, 2022 WL 3287974, at *3 (7th Cir. Aug. 11, 2022), as well as "information from the Dictionary of Occupational Titles [], including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles [], [which are] published by the Department of Labor." SSR 00-4P, 2000 WL 1898704, at *1 (Dec. 4, 2000); *see also* U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (1993) ("DOT"); U.S. Dep't of Labor, Emp. & Training Admin., Dictionary

3

of Occupational Titles, 1991 WL 645958, (4th ed. 1991) ("SCO"). An ALJ must resolve obvious conflicts between a VE's testimony and the DOT, but a failure to do so does "not merit reversal" where the error is harmless. *Mitchell v. Kijakazi*, No. 20-2897, 2021 WL 3086194, at *2-3 (7th Cir. July 22, 2022); *Collins v. Berryhill*, 743 F. App'x 21, 25-26 (7th Cir. 2018); *see also Biestek*, 139 S.Ct. at 1156-57 (finding VE testimony may "qualify as 'more than a mere scintilla' of evidence supporting the ALJ's conclusions" so as to meet substantial evidence standard).

Plaintiff's challenge at step five hinges upon the ALJ's finding that Plaintiff could perform only "occasional" grasping. Plaintiff equates "grasping" and "handling"[3] and argues that two of the three jobs the ALJ identified as jobs that a person with Plaintiff's background and limitations could perform, the Storage-Facility Rental Clerk (DOT 295.367-026) and Furniture-Rental Consultant (DOT 295.357-018) positions, involve "frequent," rather than occasional handling and therefore are inconsistent with the occasional grasping limitation. (Dkt. 13 at 8 (citing SCO, p. 365, 382).) This, Plaintiff urges, is not harmless because all that remains is the third job category identified by the ALJ, Usher (DOT 344.677-014), which has 5,100 positions nationally.[4] (*Id*. at 9.) Plaintiff insists that 5,100 is too few jobs to be considered "significant numbers in the national economy." (*Id*. at 9-10.)

Although Defendant concedes that one of the three positions identified by the VE (and accepted by the ALJ), Storage-Facility Rental Clerk (DOT 295.367-026), would involve "frequent" handling inconsistent with the grasping limitation in the RFC, Defendant disputes that the Furniture-Rental Consultant (DOT 295.357-018) is inconsistent with the RFC because it

---

[3] (*See* Dkt. 13 at 8 ("[G]rasping and handling are the same[.]") (emphasis removed, citations omitted).) Defendant accepts this equivalency (*see* Dkt. 17 at 7), so the Court uses the terms "grasping" and "handling" interchangeably here.
[4] This is consistent with the VE's testimony. Although the ALJ offered Plaintiff's counsel the opportunity to question the VE, counsel declined to do so. (R. 56.) Plaintiff raises no other arguments regarding the VE's qualifications or testimony or the ALJ's acceptance of that testimony.

4

requires only occasional handling. (Dkt. 17 at 7 & n.2.) Defendant concludes that the Furniture-Rental Consultant position, at least when combined with the Usher position Plaintiff does not challenge, has jobs in "significant numbers in the national economy." (*Id*. at 7-8.)

The Court agrees. Both the DOT and SCO indicate that the Furniture-Rental Consultant position involves only "occasional" handling, which given Plaintiff's argument equating grasping and handling, is consistent with the limitation to occasional grasping in the RFC the ALJ set for Plaintiff. *See* DOT 295.357-018 Furniture-Rental Consultant, DICOT 295.357-018, 1991 WL 672589 ("Handling: Occasionally – Exists up to 1/3 of the time"); SCO 365, App'x C (same). Considering Defendant's concession that the Storage-Facility Rental Clerk position involves frequent handling, the Court assumes that the ALJ erred in not resolving an apparent inconsistency between the RFC and the VE's testimony that a person with Plaintiff's abilities and limitations could perform that job. But that is as far as it goes because that error was harmless given the ALJ's proper decision on the other two job titles.

Tallying the numbers of Usher jobs (5,100) and Furniture-Rental Consultant jobs (56,200) nationally, shows at least 61,300 jobs; 61,300 is a significant number in the national economy. *See Mitchell*, 2021 WL 3086194, at *3 ("Leaving aside the [job title that was inconsistent with claimant's RFC], the ALJ still found that enough jobs—30,000—are available to [claimant] to allow her to work[,] which rendered "any error [] harmless.""); *Ricardo M. v. Kijakazi*, No. 19-cv-6802, 2022 WL 4356892, at *5 (N.D. Ill. Sept. 20, 2022) (finding RFC-related error harmless because one of three positions identified by ALJ had 28,000 jobs in national economy and could be performed by individual with claimant's abilities and limitations, and "[o]ne [such] job, existing in 'significant numbers' in the national economy, is enough"); *see also Milhelm v. Kijakazi*, 52 F.4th 688, 696-97 (7th Cir. 2022) (noting "numbers of national jobs held to be significant by other circuits" were 32,000 in the Sixth Circuit, 25,000 in the Ninth Circuit, and 10,000 and 32,000 in

the Eighth Circuit) (citing *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997); *Weiler v. Apfel*, 179 F.3d 1107, 1110-11 (8th Cir. 1999)); *DuCharme*, 2022 WL 3287974, at *3 ("We've already affirmed an ALJ's finding that 30,000 jobs was sufficient, [], and other courts have held that similar numbers fit comfortably within what courts have deemed significant.") (cleaned up); *Collins*, 743 F. App'x at 25-26 (explaining that 55,000 jobs "is a significant number of jobs in the national economy"). Accordingly, the ALJ's finding at Step 5 is supported by substantial evidence. *See Mitchell*, 2021 WL 3086194, at *3 (noting ALJ was entitled to rely upon expert's opinion regarding remaining job titles where claimant neither challenged foundation of testimony nor provided contrary evidence); *Cody M. v. O'Malley*, No. 1:23-cv-366-MG-JRS, 2024 WL 1326489, at *6 (S.D. Ind. Mar. 28, 2024) (holding that ALJ's decision was supported by substantial evidence in form of medical evidence and VE testimony even after court excluded two jobs from consideration due to inconsistency with RFC); *see also Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) (holding ALJ was entitled to credit testimony of VE where claimant failed to object to testimony during hearing or contradict it).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. 13) is denied, and the Commissioner's motion (Dkt. 16) is granted. The decision of the Commissioner is affirmed.

ENTERED: May 28, 2024

_____
Hon. Keri L. Holleb Hotaling
United States Magistrate Judge

6